# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Lacey Edward Cain,

Plaintiff,

v.

Noah Martin Burruss,

Defendant.

Case No. 2:25-cv-01251-ART-BNW

**SCREENING ORDER**

Presently before the court is pro se Plaintiff's complaint (ECF No. 1-1) and application to proceed in forma pauperis (ECF No. 1).

## I. In forma pauperis application

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed in forma pauperis will be granted.

The court now screens Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2).

## II. Analysis

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

Here, Plaintiff fails to state a claim upon which relief can be granted. From what the Court can discern, Plaintiff's allegations describe fantastic and delusional scenarios. For example, Plaintiff contends several individuals, including Congresswoman Alexandria Ocasio-Cortez, are attempting to kidnap him. He also alleges he is being followed at different casinos in Las Vegas at the behest of these individuals. In addition, he also alleges a tracking device has been implanted in his shoes and that Defendants Kabryna Brown and Congresswoman Alexandria Ocasio-Cortez walk past him, in disguise, and taunt him. His claims include entrapment, stalking, targeting, third-degree torture, intrusion, hacking, and abuse of authority.

First, Plaintiff's causes of actions are overwhelmingly based on criminal conduct. Plaintiff does not have a private right of action to bring these claims. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under federal criminal statute); *Yoakum v. Hartford Fire Ins. Co*., 923 P.2d 416, 421 (Idaho 1996) (no private right of action under state criminal statute); *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice.").

In addition, it is not clear that venue is proper in this District. Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the

interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff does not state the residence of the defendants and much of the conduct is based on allegations that took place in Los Angeles and Portland.

Lastly, the allegations are fantastical. As a result, Plaintiff fails to state a claim upon which relief can be granted. The Court, therefore, will dismiss Plaintiff's complaint without prejudice for Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case, the defendants' involvement in the case, and the approximate dates of their involvement. *See* Fed. R. Civ. P. 8(a)(2). It must explain also state where the conduct for each claim took place. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give defendants fair notice of the Plaintiff's claims against them and Plaintiff's entitlement to relief.

The amended complaint also must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Regarding jurisdiction, Plaintiff is advised that "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court

cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (ECF No. 1) is **GRANTED**. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed in forma pauperis does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **August 18, 2025** to file an amended complaint. Failure to file an amended complaint will result in a recommendation that this case be dismissed.

DATED: July 17, 2025

Brenda Weksler
United States Magistrate Judge